UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COUNTY OF WAYNE,

       Plaintiff,

                            CASE NO. 2:13-CV-13623
                            JUDGE SEAN F. COX
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

MICHIGAN TECHNOLOGY
COMMERCIALIZATION
CORPORATION and
JAMES RICHTER,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S JUNE 23, 2014 MOTION TO COMPEL DISCOVERY (Doc. Ent. 37)

**A.**     **Background**

**1.**     On August 22, 2013, the County of Wayne filed the instant lawsuit against defendant Michigan Technology Commercialization Corporation (MTCC), doing business as Michigan Research Institute (MRI), and defendant James Richter.  Doc. Ent. 1 ¶¶ 2-3.

    The facts underlying the instant complaint stem from an "Agreement for Community Development Block Grant - Recovery Program (CDBG-R) Between the Charter County of Wayne and its Subrecipient Michigan Research Institute," which appears to have been executed on June 18, 2010.  Doc. Ent. 1 ¶¶ 6-24; *see also* Doc. Ent. 1-2.  According to plaintiff, this contract was entered into to purchase and renovate "a magnet facility for emerging small companies to conduct stem cell research."  Doc. Ent. 1 ¶¶ 7-8.[1]

---

[1]At the June 25, 2010 Michigan Center for Regenerative Medicine (MCRM) board of directors meeting, it was agreed that ownership of the facility would be transferred from MRI to

**2.**     On or about July 9, 2010, MRI purchased the property located at 14875 Galleon Drive in Plymouth, Michigan for $655,700.00.  Doc. Ent. 1 ¶ 10; *see also* Doc. Ent. 1-3 at 2.  Shortly thereafter, on July 20, 2010, Wayne County issued a check in that amount to MRI.  Doc. Ent. 1-3 at 3; *see also* Doc. Ent. 1 ¶¶ 11, 51.

**3.**     In a letter dated December 3, 2010, MRI set forth the status of the purchase and renovation of the facility.  Doc. Ent. 1-4 at 5.  MRI drafted another letter dated May 5, 2011 (Doc. Ent. 1-4 at 2), which appears to have been accompanied by an affidavit of the same date seeking reimbursement in the amount of $77.549.17 (Doc. Ent. 1-4 at 3-4), a County of Wayne Community Development Division Request for Reimbursement in the amount of $77,549.17 (Doc. Ent. 1-4 at 6-9), an MRI chart of unbilled costs by job totaling $77,549.17 (Doc. Ent. 1-4 at 10-11) and an MRI Transaction Detail By Account which lists, among other things, wages and fringe expenses (Doc. Ent. 1-4 at 12-13).

On May 11, 2011, Wayne County issued a check to MRI in the amount of $77, 549.17.  Doc. Ent. 1-4 at 14; *see also* Doc. Ent. 1 ¶ 52.

**4.**     By a letter dated August 12, 2011, Wayne County's attorneys wrote to Richter of MRI and, among other things, pointed out that MRI was and had been in breach of the contract and demanded transfer of the building to MCRM.  Doc. Ent. 1-6.

During December 2011, HUD advised Wayne County of the need for a second revised plan for the use of the grant funds, after which Wayne County submitted a revised Substantial Amendment and a Request for an Extension to the federal government.  Doc. Ent. 1 ¶¶ 16-17.  MRI informed Wayne County that the revised Substantial Amendment was feasible, and HUD approved the revised Substantial Amendment and Request for Extension.  A progress deadline

---

MCRM after it attained 501(c)(3) status from the IRS.  Doc. Ent. 1-5.

was set for September 30, 2012 and then extended to December 30, 2012. Doc. Ent. 1 ¶¶ 18-19.

On December 27, 2012, MRI sold the facility to Resilient Holding, L.L.C., for $750,000.00. Doc. Ent. 1 ¶¶ 22, 55. On January 2, 2013, MRI advised Wayne County that the facility was not available for use. Doc. Ent. 1 ¶ 23.

According to Wayne County, it has been directed by HUD to reimburse it for $733,249.17 in grant funds. Doc. Ent. 1 ¶ 24.

**B.     The only remaining claims are Counts I through V as to defendant MRI.**

**1.**     In this lawsuit, Wayne County sets forth causes of action for (I) breach of contract, (II) interference with a business relationship, (III) indemnification, (IV) unjust enrichment, (V) violation of HUD regulations and (VI) violation of False Claims Act. Doc. Ent. 1 ¶¶ 25-72.

**2.**     On March 27, 2014, defendants filed an amended answer, affirmative defenses and counterclaim. Doc. Ent. 29. The counterclaim alleges (I) breach of contract and (II) tortious interference with business expectancy. Doc. Ent. 29 at 27-29 ¶¶ 57-74.

**3.**     On September 3, 2014, Judge Cox entered an opinion and order (Doc. Ent. 47) granting defendant Richter's motion (Doc. Ent. 30) for judgment on the pleadings. Specifically, the order provided that Counts I and III are DISMISSED as to Defendant Richter only; Count VI is DISMISSED as to both Richter and MRI; and Counts II, IV and V are dismissed as to defendant Richter only. Doc. Ent. 47 at 11-12.

In other words, each of the six (6) counts has been dismissed as to Richter, with Count VI having been dismissed altogether. Thus, the only remaining claims are Counts I through V against MRI.

**C.     Plaintiff seeks discovery regarding how defendants used the December 27, 2012 sale proceeds.**

3

In the meantime, on June 23, 2014, plaintiff filed a motion to compel discovery (Doc. Ent. 37), among the attachments to which are defendants' May 19, 2014 objections and answers to plaintiff's second interrogatories and request for production of documents - Nos. 1-12 (Doc. Ent. 37-2).  According to Wayne County, it served these discovery requests in April 2014 "to determine not only how the sale proceeds were utilized by the Defendants, but also to assist in the effort to establish that Defendant Richter, individually, reaped the benefit of the sale of the facility[.]"  Doc. Ent. 37 at 6.

Judge Cox has referred this motion to me for hearing and determination.  Doc. Ent. 42. Defendants filed a response on July 7, 2014.  Doc. Ent. 38.  Therein, they argue that plaintiff's discovery requests do not seek relevant information or information that is reasonably calculated to lead to the discovery of admissible evidence.  Doc. Ent. 38 at 11-16; *see also* Fed. R. Civ. P. 26(b)(1).

County of Wayne filed a reply on July 11, 2014.  Doc. Ent. 39.  It also filed a supplemental brief on July 16, 2014.  Doc. Ent. 40.  Within these two filings, County of Wayne argues that the information sought is relevant to its breach of contract (Count I), unjust enrichment (Count IV) and violation of HUD regulations (Count V) claims.

**D.    The information sought by Interrogatories 5, 6, 7, 8, 9, 10 & 11 is discoverable, as defined by Fed. R. Civ. P. 26(b), to plaintiff's breach of contract (Count I), unjust enrichment (Count IV) and/or HUD (Count V) claims against MRI.**

**1.**    By the time of Judge Cox's September 3, 2014 opinion and order (Doc. Ent. 47), the Court was left to consider only Richter's challenges to Counts II (interference with a business relationship), IV (unjust enrichment) and V (violation of HUD regulations).  *See* Doc. Ent. 47 at 5.  Thereafter, supplemental briefing occurred regarding the instant motion (Doc. Ent. 37).

4

A statement of resolved/unresolved issues was due on September 9, 2014.  Doc. Ent. 44. On September 15, 2014, MRI filed a sur-reply.  Doc. Ent. 48.  Then, on September 16, 2014, plaintiff filed a statement of unresolved issues (Doc. Ent. 49), noting that a bona fide offer of resolution had not yet been tendered and no discovery had been provided.  Doc. Ent. 49 at 2.

**2.** A hearing was noticed for September 16, 2014.  Doc. Ent. 44.  On the date set for hearing, attorneys Suzanne P. Bartos and Wayne E. Walker appeared.

After hearing counsel's oral arguments, I took the motion under advisement.  Plaintiff's counsel was to submit a proposed order no later than Friday, September 19, 2014.  Counsel for MRI was to respond to plaintiff's proposal no later than Wednesday, September 24, 2014.

**3.** Plaintiff submitted a proposed order on September 17, 2014, which requires defendant MRI to serve full and complete answers to Interrogatories 5(a)-(e), 6(b), 6(e) - identify the type of returns filed, 6(f)-(g), 7(a)-(g), 8(a)-(f), 9(a)-(h), 10(a)-(d) and 11.

On September 24, 2014, MRI submitted objections to plaintiff's proposed order, as well as a proposed order denying plaintiff's motion to compel discovery.

**4. Plaintiff's June 23, 2014 motion to compel seeks information on the utilization of sale proceeds:** In the May 19, 2014 answer to Interrogatory No. 4, which sought "the details of the expenditures made from the proceeds," defendants objected but also stated, "the proceeds were deposited in a general fund such that expenditures cannot be tracked as requested." Doc. Ent. 37-2 at 3.

In Wayne County's July 11, 2014 filing, plaintiff cites this discovery response in support of its statement that "[d]efendants have placed the general operating funds into evidence."  Doc. Ent. 39 at 2-3.  Also, plaintiff cites several checks issued by MRI during December 2012 and

5

January 2013 to various individuals/businesses (Doc. Ent. 39-3)[2] and contends:

> The above shows that the breach of contract by the Defendants could have been necessitated by the Defendants' financial condition or their need of cash to facilitate other business dealings, and not the Plaintiff's alleged wrongdoing as they allege in their counter claim and as a defense to the complaint. Plaintiff is entitled to delve into this theory and develop its cause of action against the Defendants and its defense to the allegations contained in the counter complaint.

Doc. Ent. 39 at 3-4.[3]

The discovery deadline was July 21, 2014. Doc. Ent. 31. On August 28, 2014, Judge Cox conducted a hearing on Richter's motion for judgment on the pleadings (Doc. Ent. 30). According to MRI, plaintiff mentioned its June 23, 2014 and August 22, 2014 motions to compel (Doc. Entries 37 & 45) during the August 28, 2014 hearing. Doc. Ent. 48 at 3. That same day, Judge Cox entered an order (Doc. Ent. 46) regarding the August 22, 2014 motion (Doc. Ent. 45).

Approximately two (2) weeks later, in its September 15, 2014 sur-reply, MRI stated:

> Given that: 1) the claims against Richter were dismissed; 2) the County's Motion

---

[2]Specifically, plaintiff notes the following:

$95,472.56 to James A. Richter
$8,119.75 to Williams, Williams, Rattner and Plunkett
$13,198.49 to Williams, Williams, Rattner and Plunkett
$2,750.34 to John W. Prince
$6,097.25 to Andrew C. Taylor
$150,000.00 to Strategic Federal Affairs, Inc.
$39,000.00 to Andrew C. Taylor
$21,066.00 to Albion & Heath, LLC
$31,526.00 to Troika Solutions, LLC

*See* Doc. Ent. 39-3; *see also* Doc. Ent. 39 at 3.

[3]In its March 27, 2014 counterclaim, defendant MRI alleges that "Wayne County breached the Agreement by (a) failing to pay amounts due to MRI under the Agreement, (b) taking actions to force MRI to transfer its rights and obligations under the Agreement to MCRM, (c) interfering with MRI's ability to perform under the Agreement and (d) attempting to unilaterally change the terms of the Agreement." Doc. Ent. 29 ¶ 53.

>    to Compel Discovery was based on its claims against Richter; 3) Judge Cox was dismissive of the motion at a hearing; 4) the County failed to file or even address the Statement of Resolved/Unresolved Issues; and 5) the County did not arrange for or even mention a conference to discuss the motion, MRI presumed that the County had abandoned the motion[.]

Doc. Ent. 48 at 4.[4]

However, even if it was mentioned before Judge Cox at the August 28, 2014 hearing, Wayne County's June 23, 2014 motion to compel (Doc. Ent. 37) remains pending before the Court. Moreover, plaintiff's June 23, 2014 motion to compel discovery (Doc. Ent. 37) states that the discovery requests at issue were served, in part, "[i]n an effort to determine . . . how the sale proceeds were utilized by the Defendants[.]" Doc. Ent. 37 at 6. Therefore, whatever disputes the parties have on the issue of piercing the corporate veil[5] following Judge Cox's September 3, 2014 order (Doc. Ent. 47), the Court does not view plaintiff's June 23, 2014 motion to compel (Doc. Ent. 37) as based only on Wayne County's claims against Richter.

**5.    The Court sees a nexus between the discovery sought by plaintiff's June 23, 2014 motion to compel (Doc. Ent. 37), as narrowed by its September 17, 2014 proposed order, and at least one of plaintiff's remaining claims (Counts I - V) against defendant MRI. Fed. R. Civ. P. 26(b):** The interrogatories regarding which plaintiff seeks further answers read as follows:

>    5.    For any property owned by **the Company** which is leased or rented, for commercial or residential purposes, please supply [certain] information[.]

---

[4]On September 16, 2014, plaintiff filed a statement of unresolved issues. Doc. Ent. 49.

[5]"Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co. Ltd.*, 475 F.3d 783, 798 (6th Cir. 2007) (citing cases).

6.     As to **Michigan Technology Commercialization d/b/a MRI**, please supply [certain] information[.]

7.     List the mortgages, notes and other receivables which are owed to **the company** and supply [certain] information for each[.]

8.     List the banks, savings and loan associations, credit unions or other institutions of any kind in which **the company** has funds deposited since November 2012 and supply [certain] information for each[.]

9.     List all **your** liabilities not otherwise identified in these interrogatories and supply [certain] information for each[.]

10.     Please state whether or not **the company** has transferred any assets since November 2012. If **it** has, provide [certain] information with respect to each transaction[.]

11.     Please provide the name, address and telephone number of any individual or entity who has rendered accounting services to **the company** since November 2012.

Doc. Ent. 37-2 (emphasis added).

In sum, these interrogatories seek asset and liability information as to MRI and may seek discoverable information as to at least one of plaintiff's claims against MRI. For example, within its August 22, 2013 breach of contract claim, plaintiff alleges:

> That the Defendant has failed to meet its obligations under the contract by engaging in the following acts:
>
>     a.     selling the building in violation of provision 7.01 ["Use of Real Property"],
>     b.     failing to make the building available to lessors who would meet the requirement of the grant,
>     c.     failing to transfer ownership of the building to an entity that would ensure the grant requirements were met,
>     d.     *failing to maintain records pursuant to provision 5.05 ["Reporting Requirements."]*,
>     e.     failing to obtain prior approval for third-party contractors pursuant to provision 15.02a [which concerns approvals of subcontracts],
>     f.     abandoning the project, and

      g.    failing to perform in a satisfactory manner.

Doc. Ent. 1 ¶ 30 (emphasis added); *see also* Doc. Ent. 1-2 (Wayne County CDBG-R Program Subrecipient Agreement).

Upon consideration, I conclude that the aforementioned portions of Interrogatories 5-11 still at issue seek discoverable information as contemplated by Fed. R. Civ. P. 26(b), because the information sought may bear upon MRI's maintenance of records as expressly alleged in the breach of contract claim (*see* Doc. Ent. 1 ¶ 30d). I arrive at this conclusion notwithstanding MRI's September 24, 2014 objection that the requested information "has no bearing on whether MRI breached the contract or if its conduct was otherwise unlawful. The information requested . . . has nothing to do with damages, which are finite numbers."

**E.     Order**

Accordingly, plaintiff's June 23, 2014 motion to compel (Doc. Ent. 37), as narrowed by plaintiff's September 17, 2014 proposed order, is GRANTED. Within fourteen (14) days of the date of this order, defendant MRI SHALL serve answers to Interrogatory Nos. 5(a)-(e), 6(b), 6(e) - identify the type of returns filed, 6(f)-(g), 7(a)-(g), 8(a)-(f), 9(a)-(h), 10(a)-(d) and 11.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: November 3, 2014        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

A hereby certify that a copy of the foregoing document was sent to parties of record on November 3, 2014, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Paul J. Komives